HEARD NOVEMBER TERM, 1878.

CASE No. 717.

JANE STEGALL v. O. S. BOLT ET AL.

1. An appeal lies to this court from a judgment of the Circuit Court confirming a taxation of costs in an action at law.

2. Where an action for injury to personal property, in which the damages *claimed* exceed $100, is brought in the Circuit Court, a judgment in favor of plaintiff for any amount will carry costs.

Before KERSHAW, J., at Pickens, June Term, 1878.

This was an action for injury to personal property, brought by plaintiff against several defendants, demanding judgment for $350, her damages.   The defendants all answered, denying that they had injured the property of plaintiff at all, or that she had been in any way damaged by them.   At the trial upon this issue, on March 22d, 1878, the jury rendered the following verdict: " We find for the plaintiff damages—fifteen dollars."   Upon this verdict judgment was entered up, the clerk of court taxing up full costs in favor of plaintiff.   The defendants' counsel was present at the taxation and objected upon several grounds, which were renewed, on appeal, to the Circuit Court at the next term, on a motion to set aside the taxation.   Judge Kershaw confirmed the taxation, except as to one item, not brought before this court by the appeal.

From this order of Judge Kershaw the defendant appealed, upon three grounds, to wit: (1.) Because plaintiff, having recov-

ered but $15, was entitled to no costs. (2.) If to any, then the costs should not exceed the damages. (3.) That defendant was entitled to costs.

*Mr. R. A. Child*, for appellant.

At the common law there were no costs, as such, and the right to them is wholly of statutory origin. The plaintiff, therefore, can claim no costs, except such as are given in one of the four subdivisions of Section 330 of the code. The first two subdivisions have no bearing upon this case. Subdivision 3 does not give costs here, for this is a case in which a court of trial justice has jurisdiction. *Code*, § 74, *Subd.* 2. For it would be strange legislation to make costs depend upon the amount a plaintiff might choose to *claim*, without regard to the recovery. But while a trial justice has not jurisdiction of the amount claimed, he has of this action. 3 *Wait Pr.* 465; 43 *How. Pr.* 33; 7 *Abb.* (*N. S.*) 225.

This is an action for recovery of money and comes under Subdivision 4. 3 *Wait Pr.* 467; 13 *How. Pr.* 296; 9 *Bosw.* 601; 28 *Barb.* 284. And not having recovered $20, she cannot recover costs, but must pay costs to the defendants. *Code*, § 331; 8 *Abb.* (*N. S.*) 17; 2 *Cal.* 213; 1 *How. Pr.* 135; 3 *Wait Pr.* 468. But in no event can the plaintiff recover more costs than damages; for this case was tried after act of March 4th, 1878, amending Section 330 of the code, and the statute, at the time of trial, must govern. 3 *Wait Pr.* 456; 15 *How. Pr.* 156; *Id.* 74; 14 *How. Pr.* 279; 15 *How. Pr.* 420; 18 *How. Pr.* 532; *Id.* 305.

*Messrs. Earle & Wells*, contra.

No appeal will lie on mere question of costs. It comes under none of the heads of Section 11 of the code. Not under the first, for it does not affect the merits. Nor under the second, for it is not a special proceeding. *Code*, § 3; 3 *S. C.* 417. Nor under the third. 11 *N. Y.* 274; 3 *How. Pr.* 425; 16 *N. Y.* 294.

The question of appeals from orders affecting costs only, has been frequently adjudicated in New York. 41 *N. Y.* 362; 4 *Abb.* (*N. S.*) 202; 36 *N. Y.* 93; 34 *N. Y.* 355; 32 *N. Y.* 479;

24 *N. Y.* 505; 28 *How. Pr.* 470; 3 *How. Pr.* 426. So, too, with with our own old Court of Appeals. 1 *McC. Ch.* 210; 1 *Hill Ch.* 92; 2 *Hill* 554; 2 *Strob. Eq.* 166; 5 *Rich. Eq.* 5.

If appeal lies, taxation is correct. A trial justice had no jurisdiction, because the amount *claimed* exceeded $100. *Code,* § 74, *Subd.* 2; 6 *S. C.* 389. The Subdivision 4 of Section 330 of the code, with its amendment by act of March 4th, 1878, cannot apply here; for it refers in its first sentence solely to actions for recovery of money, and not to actions *ex delicto;* and it nowhere mentions actions for recovery of damages for injury to personal property. See, too, 2 *Bail.* 88; 13 *Rich.* 98; 2 *Bail.* 212.

April 16th, 1879. The opinion of the court was delivered by

McIVER, A. J. This is an appeal from an order of the Circuit judge allowing costs in favor of the plaintiff against the defendants. The action was brought in the Court of Common Pleas to recover damages for injuries to personal property, in which the amount claimed exceeded the sum of $100. The case was tried on the 22d of March, 1878, and resulted in a verdict for the plaintiff for $15 damages. The respondent raises the preliminary objection, which must first be disposed of, that an appeal will not lie from an order confirming the taxation of costs by the clerk. There can be no doubt but that appeals from the decision of the Circuit Court of Law upon questions relating to the taxation of costs were constantly heard prior to the adoption of the code, as will appear from the numerous cases to be found in our digests deciding such questions. It is very true that in the court of equity it was always held that appeals upon a mere question of costs would not be heard by that court; but it was for the reason that, in that court, the question as to which party should pay the costs was a question for the *discretion* of the court, and did not follow the result, necessarily, as in cases at law; and, under the rule that questions of discretion were not appealable, it followed that decisions upon such questions were not appealable. *Lewis* v. *Wilson,* 1 *McC. Ch.* 210; *Lyles* v. *Lyles,* 1 *Hill Ch.* 92; *Singleton* v. *Allen,* 2 *Strob. Eq.* 174; *Hext* v. *Walker,* 5 *Rich. Eq.* 7. We do not [understand that the code

has abridged the rights of parties in this respect. By the constitution this court has jurisdiction "for the correction of errors at law," and if an error of law has been committed by the Circuit Court in allowing or disallowing costs, we see no reason why it may not be corrected. Costs form a part of the judgment, as much so as the interest which may accrue " from the time of the verdict or report until judgment be finally entered," and, like such interest, must be inserted in the judgment. *Code,* §§ 336–7. And if they are illegally inserted in, or omitted from the judgment, to that extent the judgment is erroneous and illegal, and may be corrected by this court. Although this question does not seem to have been distinctly decided in this state since the adoption of the code, yet this court has, in at least three instances, proceeded to adjudicate questions of costs. *Columbia Water Power Company* v. *Columbia,* 4 *S. C.* 402; *Thompson* v. *Thompson,* 6 *S. C.* 279, and *Mars* v. *Conner,* MS. decision, filed August 8th, 1877. We are unable, therefore, to see any valid reason why we should not hear this appeal. We proceed, then, to inquire whether there was any error of law in allowing the costs in this case. By Section 330 of the code of procedure, it is declared that costs shall be allowed of course to the plaintiff upon a recovery in certain specified cases, and if this case falls within any of the classes there specified, it follows that there was no error in allowing the costs. The class within which it is claimed to fall is that designated in Subdivision 3 of that section, by words "actions of which a court of trial justice has no jurisdiction." The only question, therefore, is whether this was an action of which a court of trial justice has no jurisdiction. As we have seen, it was an action to recover damages for injury to personal property, in which the amount claimed exceeded the sum of $100. In Section 74 of the code we are told that "trial justices shall have civil jurisdiction in the following actions, and no others. * * * 2. An action for damages for injury to rights pertaining to the person, or the personal or real property, if the damages claimed do not exceed one hundred dollars, and in cases of bastardy." Hence, while the jurisdiction of a trial justice extends to *certain* actions for injury to personal property, by the express terms of the statute, it does not extend

to *all* such actions, but only to those in which "*the damages claimed* do not exceed one hundred dollars." We are compelled, therefore, by the express terms of this statute to say that this action, in which the *damages claimed* exceed $100, is an action of which a court of trial justice has no jurisdiction, and, therefore, under the provisions of Section 330, above quoted, the plaintiff, upon recovery, was entitled to costs. It may be, and doubtless is the fact, that cases can be found in other states which take a different view of similar statutory provisions, but these cases, however much they may be entitled to respect, are not binding upon us as authority, and we are unable to see how, in the face of the plain words of the code, we can put any other construction upon these words than the one we have adopted. And although it may be regarded by some as "strange legislation" to make the jurisdiction of a court to depend upon the amount a plaintiff may claim in his complaint, as has been suggested in the argument for appellants, we have only to say that it is not our province to legislate, or to supply any supposed deficiencies on the part of the law-making department of the government, even should there be no difference of opinion as to the existence of such deficiencies, but our duty is simply to declare the law as we find it written. We may add, however, that the view which we have adopted is in close analogy to the principles decided in the case of *Scarborough* v. *Reynolds,* 13 *Rich.* 98.

It is argued, however, that the act of March 4th, 1878, (16 *Stat.* 409,) amends Section 330 of the code by providing that in no case shall the plaintiff be allowed costs to an amount exceeding the amount of his verdict, and that as costs are to be regulated by the statute in force at the time the verdict is rendered, the plaintiff in this case could not be entitled to more costs than the amount of her verdict—$15—it having been rendered after the passage of said act.

Without expressing any opinion as to whether the statute in force at the time the verdict is rendered is to regulate the amount of the costs, it is sufficient to say that the act of March 4th, 1878, makes no change whatever in any part of Section 330, except in the fourth subdivision of that section, and that part of the section, to wit, Subdivision 3, under which the plaintiff claims

her costs in this case, remains as it was before, unaffected by the provisions of the act of March 4th, 1878. This is manifest from the terms used in that act. The language is: "That Subdivision 4 of Section 330 of the code of procedure, be amended by striking out all the words down to and including 'dollars' in the second line of said subdivision, and inserting the following," &c. Words could not make the intention plainer, that the sole purpose was to amend only the fourth subdivision of that section, leaving all the rest of the section as it was before.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

WILLARD, C. J., and HASKELL, A. J., concurred.